**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 24-1077 |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| *Respondent*. | ) | |

**PETITION FOR REVIEW**

Constellation Mystic Power, LLC ("Petitioner") hereby petitions this Court

for review of the following Federal Energy Regulatory Commission orders (copies

of which are attached) under section 313(b) of the Federal Power Act, 16 U.S.C. §

825*l*(b):

1. *Constellation Mystic Power, LLC*, Order Granting In Part and Dismissing In
   Part Formal Challenges Subject to Refund, and Establishing Hearing and
   Settlement Judge Procedures, Docket No. ER18-1639-000, 185 FERC ¶
   61,170 (December 5, 2023) ("2022 Challenge Order").

2. *Constellation Mystic Power, LLC*, Notice of Denial of Rehearing by
   Operation of Law and Providing for Further Consideration, Docket No.
   ER18-1639-028, 186 FERC ¶ 62,048 (February 5, 2024) ("Notice").

Petitioner is the rate proponent of a cost-of-service agreement ("Mystic

Agreement") at issue in the proceedings before the Commission that led to these

orders.  The Mystic Agreement is intended to compensate Mystic for its full "cost

1

of service" (i.e., fixed and going forward costs) in exchange for Mystic remaining operational for a two-year term and providing fuel security services to the New England region during that time. The Commission has addressed the Mystic Agreement through a series of orders, beginning in 2018. In its first order, the Commission directed Mystic to change the structure of its rate from a "stated" rate to a formula rate. Under a formula rate, the formula itself is the on file rate, and the utility updates the inputs to that rate on an annual basis, in Mystic's case first as projections and then as trued-up values. The rules for these annual filings are set forth in formula rate "protocols," which are included as Schedule 3A to the Mystic Agreement.

The orders at issue in this proceeding resulted from the second of Mystic's annual filings. The Protocols provide for an opportunity for customers to ask information requests and challenge the annual update. One party challenged historical fixed costs included in Mystic's 2022 true up filing on various grounds, and through its challenge sought to lower the rate that Mystic will recover. In its order, the Commission rightly rejected several of those challenges, but granted four of the challenges and set those for settlement and hearing. The Commission granted the first set of challenges using incorrect legal standards. In the second instance, the Commission purported to grant a formal challenge of and set for

settlement an issue that was resolved through a prior Commission-approved settlement.

Mystic sought clarification and limited rehearing based on these issues. On February 5, 2024, the Commission issued a Notice stating that it had not responded to the rehearing or clarification motion, and thus it may be deemed denied for appeal purposes.

Dated: April 3, 2024                    Respectfully submitted,

/s/ Matthew A. Fitzgerald
Matthew A. Fitzgerald
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

Noel H. Symons
Katlyn A. Farrell
McGuireWoods LLP
888 16th Street N.W.
Suite 500
Washington, D.C. 20006
T: (202) 857-2929
F: (202) 828-2992
nsymons@mcguirewoods.com
kfarrell@mcguirewoods.com

*Counsel for Constellation Mystic Power, LLC*

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 24-1077 |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| *Respondent*. | ) | |

**CORPORATE DISCLOSURE STATEMENT OF CONSTELLATION
MYSTIC POWER, LLC**

Constellation Mystic Power, LLC ("Mystic") submits the following

disclosure statement under Rule 26.1 of the Federal Rules of Appellate Procedure

and Circuit Rule 26.1.

Mystic is a limited liability company.  Mystic owns and operates the Mystic

Generating Station, a natural-gas fired generator operating two units, Mystic 8 and

9, located in Massachusetts.  Mystic sells the output of the Mystic Generating

Station into markets under the jurisdiction of the Federal Energy Regulatory

Commission.

Mystic is a direct, wholly-owned subsidiary of Constellation Holdings, LLC,

which is a direct, wholly-owned subsidiary of Constellation Energy Generation,

LLC.  Constellation Energy Generation, LLC is a direct, wholly-owned subsidiary

of Constellation Energy Corporation ("Constellation").

Constellation is a publicly traded corporation (stock ticker "CEG").

Constellation has no parent company.  Vanguard holds 10 percent or more of

Constellation's stock.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 24-1077 |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| *Respondent*. | ) | |

**CERTIFICATE OF SERVICE**

Under Rules 15(c) and 25 of the Federal Rules of Appellate Procedure and Rules 15(a) and 25 of the Circuit rules, I certify that I have this 3rd day of April, 2024, served by email or first-class mail, this Petition for Review on the Office of the Solicitor General of the Federal Energy Regulatory Commission and the Acting Secretary of the Commission:

Ms. Debbie-Anne A. Reese
Acting Secretary
Federal Energy Regulatory
Commission
888 First Street, NE
Washington, DC 20426

Mr. Robert H. Solomon
Solicitor
Federal Energy Regulatory
Commission
888 First Street, NE
Washington, DC 20426

In addition, I have served all persons on the Commission's service list in the underlying proceeding, Docket No. ER18-1639-000, *et al*., via electronic mail as shown in the service list attached as Exhibit 3.

6

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic
Power, LLC*

# Exhibit 1

185 FERC ¶ 61,170
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Acting Chairman;
                       Allison Clements, and Mark C. Christie.

Constellation Mystic Power, LLC                    Docket No.  ER18-1639-000

ORDER GRANTING IN PART AND DISMISSING IN PART FORMAL
CHALLENGES SUBJECT TO REFUND, AND ESTABLISHING HEARING AND
SETTLEMENT JUDGE PROCEDURES

(Issued December 5, 2023)

1.      On September 15, 2022, Constellation Mystic Power, LLC (Mystic) filed,
pursuant to sections I.B.2 and II.6 of Schedule 3A of the executed cost-of-service
agreement (Mystic Agreement) among Mystic, Constellation Energy Generation, LLC
(Constellation), and ISO New England, Inc. (ISO-NE),[1] an informational filing
supporting capital expenditures and related costs that Mystic projects it will collect as an
expense in 2023 (2023 CapEx Projects).[2]  Mystic's filing also updates projections to the
Annual Fixed Revenue Requirement (AFRR),[3] Maximum Monthly Fixed Cost Payment,
and Fixed O&M/Return on Investment component of the Monthly Fuel Cost Charge, and
updates net plant to include actual capital expenditures and depreciation for the period
between January 1, 2018 and December 31, 2021 (Second Informational Filing).  On
October 17, 2022, the New England States Committee on Electricity (NESCOE) filed a

---

[1] *See* Constellation Mystic Power, LLC, FERC FPA Electric Tariff, Cost of
Service Agreement, Rate Schedule FERC No. 1 (15.0.0) (Mystic Agreement);
*Constellation Mystic Power, LLC*, 165 FERC ¶ 61,267 (2018) (accepting the Mystic
Agreement) (December 2018 Order).

[2] 2023 CapEx Projects represent projected capital expenditures during the term of
the Mystic Agreement in calendar year 2023 that are fully reimbursable.  Mystic's
projected 2023 CapEx Projects costs are listed in the Second Informational Filing in
Attachment B, Mystic 8&9 Schedule D in line 27 (Mystic's 2023 CapEx Projects) and
Attachment B, Everett Schedule D in line 10 (Everett's 2023 CapEx Projects) under the
heading "RMR CapEx."  Support for these costs is included in Attachment A of the
Second Informational Filing.

[3] Capitalized terms not otherwise defined herein are as defined in the Mystic
Agreement.

formal challenge to the Second Informational Filing, which NESCOE subsequently withdrew.[4]  On October 18, 2022, the Eastern New England Consumer-Owned Systems (ENECOS) filed an out-of-time formal challenge to the Second Informational Filing (ENECOS Formal Challenge, and together with NESCOE Formal Challenge, Formal Challenges).[5]  As discussed below, we grant in part and dismiss in part ENECOS Formal Challenge to the Second Informational Filing, and otherwise set for hearing and settlement judge procedures the issues of whether Mystic's July 1, 2004 – December 31, 2017 Rate Base, Mystic's January 1, 2018 – May 31, 2022 Rate Base, Everett's November 1, 2018 – May 31, 2022 Rate Base, and Everett's 2023 CapEx Projects are consistent with the requirements of the Mystic Agreement.

I.    **Background**

2.      On May 16, 2018, Mystic filed the Mystic Agreement to compensate Mystic on a cost-of-service basis under a formula rate for the continued operation of Mystic Generation Station Units 8 and 9 (Mystic 8 and 9) from June 1, 2022, through May 31, 2024.  The Mystic Agreement allows Mystic to make cost adjustments computed in accordance with the formula without making a new Federal Power Act (FPA) section 205 filing for each adjustment.[6]  Schedule 3A of the Mystic Agreement describes the formula rate true-up process, which includes a requirement that Mystic submit annual informational filings to the Commission by September 15 of each year, beginning in 2021 (the year prior to the beginning of the term of the Mystic Agreement on June 1, 2022).[7]  Generally, each informational filing must include, if applicable, the information that is reasonably necessary to determine:

> (1) that input data under the Methodology[8] are properly recorded in any underlying workpapers;

_____

[4] *See* NESCOE August 15, 2023 Notice of Withdrawal; NESCOE October 20, 2023 Notice of Withdrawal.

[5] ENECOS states that it submitted its Formal Challenge to the Commission and served parties on October 17, 2022.  On October 18, 2022, the Office of the Secretary informed ENECOS it needed to resubmit its formal challenge under one submission ID number, rather than the two submission ID numbers ENECOS originally used.  ENECOS resubmitted its Formal Challenge to the Commission on October 18, 2022.

[6] December 2018 Order, 165 FERC ¶ 61,267 at P 176 (citing *Pub. Utils. Comm'n of Cal. v. FERC*, 254 F.3d 250, 254 (D.C. Cir. 2001)).

[7] Mystic Agreement, Schedule 3A, § II.6.A.

[8] The "Methodology" is "the formula rate template [used] . . . to establish the rate

Docket No. ER18-1639-000                                                          - 3 -

(2) that [Mystic] has properly applied the Methodology and these procedures;

(3) the accuracy of data and the consistency with the Methodology of the Annual Fixed Revenue Requirement;

(4) the extent of accounting changes that affect inputs;

(5) whether a capital expenditure collected as an expense during the Term is necessary in order to meet the obligations of the [Mystic] Agreement; and

(6) whether a capital expenditure collected as an expense during the Term is reasonably determined to be the least-cost commercially reasonable option consistent with Good Utility Practice to meet the obligations of the [Mystic] Agreement.[9]

3.     Additionally, each informational filing has its own purpose and requirements that differ depending on the year.  The Second Informational Filing requires Mystic to:

file on or before April 1, 2022 . . . appropriate support for the capital expenditures and costs that will be collected as an expense during the Term in calendar year 2023 (January 1, 2023 to December 31, 2023) as detailed below.  The Annual Fixed Revenue Requirement, the Maximum Monthly Fixed Cost Payment, and the Fixed O & M [Operations and Maintenance]/Return on Investment component of the Monthly Fuel Cost Charge for the relevant period of the Term in Schedule 3 will be updated in accordance with the Methodology and shall exclude true-up of investment and expense items disallowed by the Commission, if any.[10]

4.     The Second Informational Filing further requires Mystic to:

file on or before April 1, 2022 . . . to update the Annual Fixed Revenue Requirement, the Maximum Monthly Fixed Cost Payment, and the Fixed O& M/Return on Investment component of the Monthly Fuel Cost Charge provided for and calculated in accordance with Schedule 3 above with

---

for each year of the Term" of the Mystic Agreement.  *Constellation Mystic Power, LLC*, Second Informational Filing, Docket No. ER18-1639-000, at 2 (filed Sept. 15, 2022) (Transmittal).

[9] Mystic Agreement, Schedule 3A, § II.6.A.

[10] *Id.* Schedule 3A, § I.B.2.i.

updated projections for all items subject to true-up as specified in Section II.A that Owner is estimated and projected to incur to maintain and operate the Resource and [Everett Marine] LNG Terminal [(Everett)] during the Term based upon information contained in Owner's books and records.  At this time, net plant will be updated to include actual capital expenditures and depreciation incurred between January 1, 2018 and December 31, 2021.**11**

5.      Schedule 3A of the Mystic Agreement sets forth a process for parties to submit both informal and formal challenges to Mystic's annual informational filings.  The informational exchange and informal challenge procedures occur prior to Mystic submitting its annual informational filing to the Commission by September 15 of each year.  Pursuant to the terms of the Mystic Agreement, on or before April 1 of each year, Mystic is required to provide its annual informational filing to ISO-NE prior to filing at the Commission.  Interested parties may make reasonable information and document requests to Mystic through the informal challenge process.  The informal challenges and Mystic's responses are then detailed in the annual informational filing ultimately submitted to the Commission.

6.      The formal challenge process occurs after Mystic submits its September 15 informational filing to the Commission.  By October 15 of each year, parties must submit their formal challenges.  As relevant here, Schedule 3A states that:

> In any proceeding initiated by FERC concerning the [Informational] Filing or in response to a Formal Challenge, [Mystic] shall bear the burden, consistent with section 205 of the [FPA], of proving that (i) it has correctly applied the terms of the Methodology consistent with these protocols, and (ii) in the case of capital expenditures that are expensed during the Term of the [Mystic] Agreement, that the capital expenditure is necessary in order to meet the obligations of the [Mystic] Agreement, and that the expenditure is reasonably determined to be the least-cost commercially reasonable option consistent with Good Utility Practice to meet the obligations of the Agreement.  Nothing herein is intended to alter the burdens applied by FERC with respect to prudence challenges.**12**

## II.      **Filing**

7.      On September 15, 2022, Mystic submitted the Second Informational Filing to the Commission, the second in the series of annual informational filings as described above.

---

**11** *Id.* Schedule 3A, § I.B.2.ii.

**12** *Id.* Schedule 3A, § II.4.G.

Document Accession #: 20231205-3097     Filed Date: 12/05/2023
Docket No. ER18-1639-000                                                                  - 5 -

Mystic characterizes its filing as a "before-the-fact informational posting to substantiate the nature of the proposed work to be done, and update projected costs' associated with those projects."[13]   Accordingly, Mystic states that its filing is limited to:  demonstrating that the proposed 2023 CapEx Projects are appropriate; providing updated projections to the AFRR, Maximum Monthly Fixed Cost Payment, and Fixed O&M/Return on Investment component of the Monthly Fuel Cost Charge; and updating net plant to include actual capital expenditures and depreciation for the period between January 1, 2018 and December 31, 2021.  Mystic states that it has complied with all deadlines and requirements of the formula rate protocols, and it has made good faith efforts to respond to all reasonable information and document requests as well as informal challenges within 15 business days.[14]

### III.   **Motion to Hold in Abeyance**

8.      On February 17, 2023, Mystic filed a motion to hold the Formal Challenges to the Second Informational Filing in abeyance pending the submission of a settlement that Mystic states would resolve all matters set for hearing and settlement related to the First Informational Filing.[15]  Mystic states that the settlement would also impact several Formal Challenges to the Second Informational Filing, and requests that the Commission hold the Formal Challenges to the Second Informational Filing in abeyance until either the date on which the Commission approves the settlement, 30 days after rejecting the settlement, or in the event the settlement falls through, 15 days after Mystic informs the Commission that it will not be filing the settlement, whichever event happens first.

9.      On March 6, 2023, ENECOS filed an answer opposing Mystic's motion.  ENECOS states that five of the issues in the ENECOS Formal Challenge to the Second Informational Filing do not relate to the First Informational Filing and will not be resolved by any settlement to the First Informational Filing.  Further, ENECOS states that it will not be joining the settlement and that the settlement therefore may not resolve those issues in the ENECOS Formal Challenge that do relate to the First Informational Filing.  ENECOS argues that there is no justification for prolonging the issuance of a

---

[13] Transmittal at 4 (quoting Prepared Supplemental Direct Testimony of Alan C. Heintz, Ex. No. MYS-0020 at 4-5 (Jul. 30, 2018)).

[14] *Id.* at 8.

[15] Mystic Motion to Hold Formal Challenges to the Second Informational Filing in Abeyance at 1-2.

Document Accession #: 20231205-3097    Filed Date: 12/05/2023

Commission ruling, as delaying such ruling would prolong the imposition of excess charges under the Mystic Agreement.[16]

## IV.    Settlement

10.    On March 15, 2023, Mystic filed a Settlement Agreement and related materials (First Informational Filing Settlement) to address the formal challenges to Mystic's First Informational Filing.  On August 1, 2023, the Commission approved the First Informational Filing Settlement,[17] which resolved all issues set for hearing in the First Informational Filing Order.[18]

## V.    Notice of Filing and Responsive Pleadings

11.    On October 17, 2022, NESCOE filed a formal challenge.  On October 18, 2022, ENECOS filed an out-of-time formal challenge.[19]  Notice of the NESCOE Formal Challenge was published in the *Federal Register*, 87 Fed. Reg. 64,784 (Oct. 26, 2022), with interventions and protests due on or before November 16, 2022.  Notice of the ENECOS Formal Challenge was published in the *Federal Register*, 87 Fed. Reg. 64,472 (Oct. 25, 2022), with interventions and protests due on or before November 8, 2022.  On October 20, 2022, the Commission issued an Errata Notice correcting the comment due date for the ENECOS Formal Challenge to November 17, 2022.

12.    On November 16, 2022, Mystic submitted its response to the NESCOE Formal Challenge.  On November 17, 2022, Mystic submitted its response to the ENECOS Formal Challenge (Mystic's Response).  On November 16, 2022, the Massachusetts Municipal Wholesale Electric Company and New Hampshire Electric Cooperative Inc. (collectively, Public Systems) submitted comments in support of the ENECOS Formal Challenge.  On December 6, 2022, ENECOS submitted an answer to Mystic's Response to the ENECOS Formal Challenge (ENECOS' Answer), and on December 22, 2022,

---

[16] ENECOS Answer in Opposition to Motion at 1-8.

[17] *Constellation Mystic Power, LLC*, 184 FERC ¶ 61,070, at P 6 (2023) (Settlement Order).

[18] *See Constellation Mystic Power, LLC,* 179 FERC ¶ 61,011 (2022) (First Informational Filing Order).

[19] *See supra* note 5.

Mystic submitted an answer to ENECOS' Answer (Mystic's Answer). On October 20, 2023, NESCOE withdrew the NESCOE Formal Challenge.[20]

## VI.  **Discussion**

### A.  **Procedural Matters**

13.     Rule 213(a)(2) of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.213(a)(2) (2022), generally prohibits an answer to a protest or an answer unless otherwise ordered by the decisional authority. We accept ENECOS' Answer to Mystic's Response, as well as Mystic's Answer to ENECOS' Answer, because they have provided information that assisted us in our decision-making process.

### B.  **Substantive Matters**

14.     As discussed below, with regard to ENECOS Formal Challenge Issue 1, we grant in part and find that the Second Informational Filing raises issues of material fact that cannot be resolved based on the record before us and that are more appropriately addressed under hearing and settlement judge procedures, as ordered below. With regard to ENECOS Formal Challenge Issue 2, we dismiss in part, grant in part, and find that the Second Informational Filing raises issues of material fact that cannot be resolved based on the record before us and that are more appropriately addressed under hearing and settlement judge procedures, as ordered below. We further dismiss ENECOS Formal Challenge Issues 3-5. With regard to ENECOS Formal Challenge Issues 6-7, we dismiss in part, grant in part, and find that the Second Informational Filing raises issues of material fact that cannot be resolved based on the record before us and that are more appropriately addressed under hearing and settlement judge procedures, as ordered below. Finally, we dismiss ENECOS Formal Challenge Issue 8.

### C.  **ENECOS Formal Challenge**

#### 1.  **ENECOS Formal Challenge Issue 1**

##### a.  **Pleadings**

15.     In ENECOS Formal Challenge Issue 1, ENECOS argues that Mystic has not adequately supported its July 1, 2004 – December 31, 2017 Rate Base in Attachment B, Mystic 8&9 Schedule D. ENECOS argues that the majority of these costs appear to be operation and maintenance expenses that should have been expensed prior to the term.[21]

---

[20] *See supra* note 4.

[21] ENECOS Formal Challenge at 10.

ENECOS argues that, despite the decision[22] of the United States Court of Appeals for the District of Columbia Circuit (D.C. Circuit) affirming the Commission's holding that pre-2018 costs are subject to Commission review and approval, Mystic has provided no support for Mystic's claimed July 1, 2004 – December 31, 2017 Rate Base.[23]  In addition, ENECOS contends that Mystic's accounting is not in compliance with Uniform System of Accounts (USofA) standards, contrary to Commission precedent holding that generators operating under market-based rates must conform to the USofA when changing to cost-of-service rates, and that this lack of compliance with the USofA appears to greatly overstate plant in service.[24]  ENECOS argues that since these costs have not been supported, the Commission should reject them and require Mystic to remove them from rate base.[25]

16.      In its response to ENECOS Formal Challenge Issue 1, Mystic states that its July 1, 2004 – December 31, 2017 Rate Base is a fixed input in the filed-rate methodology of the Mystic Agreement.  Mystic contends that its July 1, 2004 – December 31, 2017 Rate Base is a historical number that has not changed, and that Mystic could therefore not update these numbers in the Second Informational Filing.  Mystic argues that there is a significant record in place in which it has adequately explained these figures.  Mystic states that it complied with the D.C. Circuit's directive in *Constellation* to adequately support its historic costs by referring to existing support, as these prior costs have not changed.[26]  Mystic argues that ENECOS failed to present sufficient evidence to relitigate the issue of its July 1, 2004 – December 31, 2017 Rate Base, and that doing so would set a dangerous precedent.  Mystic notes that the Commission has previously granted Mystic a waiver of the requirement to follow the USofA and later rejected a request that the Commission revoke that waiver.[27]  Mystic requests that the Commission deny this

---

[22] *See Constellation Mystic Power, LLC. v. FERC*, 45 F.4th 1028 (D.C. Cir. 2022) (*Constellation*).

[23] ENECOS Formal Challenge at 11-12.

[24] *Id.* at 12-13 (citing December 2018 Order, 165 FERC ¶ 61,267 at P 65; *PacifiCorp*, 124 FERC ¶ 61,046, at PP 28-31 (2008)).

[25] *Id.* at 14.

[26] Mystic Response to ENECOS Formal Challenge at 5, 7 (citing *Constellation*, 45 F.4th at 1054).

[27] *Id.* at 11 (citing *Sithe Fore River Dev. LLC*, Docket Nos. ER01-41-000, et al. (Nov. 29, 2000) (delegated order); *Constellation Mystic Power, LLC*, Docket Nos. ER10-2281-000, et al. (Oct. 27, 2010) (delegated order); *Exelon Corp.*, 138 FERC ¶ 61,167, at P 132 (2012); *Mystic Dev., LLC*, 114 FERC ¶ 61,200, at P 61 (2006)).

challenge and asks the Commission to find that its July 1, 2004 – December 31, 2017 Rate Base is just and reasonable.[28]

17.     In its answer, ENECOS states that the Commission and the D.C. Circuit have previously denied Mystic's argument that it has adequately supported its July 1, 2004 – December 31, 2017 Rate Base costs,[29] and further asserts that the Commission's granting Mystic market-based rate waivers of 18 C.F.R. pts. 101 and 141 (2022) does not absolve Mystic of the obligation to provide detailed and transparent accounting for its claimed costs when returning to a cost-of-service formula rate.  ENECOS adds that these waivers only strengthen the need for transparent accounting and documentation.  ENECOS disputes Mystic's statement that ENECOS has not provided sufficient information to challenge these costs, arguing that Mystic has not provided enough evidence to support its premise that these costs are just and reasonable in the first instance.[30]

18.     In response, Mystic reiterates that it provided significant evidence to support these costs, which ENECOS did not challenge when it had the opportunity to do so during an earlier hearing in 2018 and in subsequent compliance filings.  Mystic states that it made clear in its compliance filings that its July 1, 2004 – December 31, 2017 Rate Base figures are hardcoded, and these inputs were accepted by the Commission and not protested.[31]  Further, Mystic reiterates that the Commission granted Mystic a waiver of the requirement to follow the USofA,[32] and also states that regardless of this waiver, its accounting is consistent with the USofA accounting principles.  Mystic asks the Commission to reject this challenge, or, if the Commission decides to set this challenge

---

[28] *Id.* at 5-6, 15.

[29] ENECOS Answer to Mystic Response at 3, 8 (citing December 2018 Order, 165 FERC ¶ 61,267 at P 64; *Constellation Mystic Power, LLC*, 172 FERC ¶ 61,044, at P 86 (2020) (Second July 2020 Rehearing Order); *Constellation Mystic Power, LLC*, 172 FERC ¶ 61,045, at PP 47-48 (2020) (Compliance Order); First Informational Filing Order, 179 FERC ¶ 61,011 at PP 24-25; *Constellation*, 45 F.4th at 1054).

[30] *Id.* at 3-5, 8-14.

[31] Mystic Answer to ENECOS Answer at 6 (citing *Constellation Mystic Power, LLC*, Docket No. ER18-1639-009 (July 29, 2021) (delegated order) (July 2021 Delegated Order)).

[32] *See supra* note 27.

for hearing and settlement, that the Commission narrow the scope of the hearing and settlement to avoid duplicative discovery and to exclude speculative requests.[33]

**b.     Commission Determination**

19.     Regarding ENECOS Formal Challenge Issue 1, we find that Mystic has not adequately supported its July 1, 2004 – December 31, 2017 Rate Base in line with the requirements of Schedule 3A and the Methodology of the Mystic Agreement.[34] ENECOS raises issues of material fact that cannot be resolved based on the record before us and that are more appropriately addressed in a trial-type, evidentiary hearing and settlement judge procedures.[35]

20.     We find that Mystic has provided insufficient support for its July 1, 2004 – December 31, 2017 Rate Base in Attachment B of the Second Informational Filing.  As the Commission stated in the First Informational Filing Order,[36] Mystic must provide support for all projected inputs to the formula rate template at the time of the Second Informational Filing.[37]  We reiterate that Mystic's historical expenses (including Mystic's July 1, 2004 – December 31, 2017 Rate Base) are subject to challenge in the Second Informational Filing, regardless of whether or not there has been a change in circumstances.  The Commission has consistently stated,[38] and the D.C. Circuit has

---

[33] Mystic Answer to ENECOS Answer at 4-7.

[34] Mystic Agreement, Schedule 3A, § II.2.A.

[35] *See, e.g.*, *Delmarva Power & Light Co.*, 145 FERC ¶ 61,055, at P 60 (2013) ("We cannot find on this record that DP&L has supported the propriety of the inclusion of certain costs in DP&L's formula rate.  Rather, we find that the Formal Challenges raise issues of material fact that cannot be resolved based on the record before us, and are more appropriately addressed in a trial-type, evidentiary hearing and settlement judge procedures.").

[36] *See* First Informational Filing Order, 179 FERC ¶ 61,011 at P 25.

[37] Mystic Agreement, Schedule 3A, § 1.A.

[38] *See* Second July 2020 Rehearing Order, 172 FERC ¶ 61,044 at P 86 ("We disagree with Mystic's assertion that rate base items as of the end of the test period have been fully litigated and the results found just and reasonable."); Compliance Order, 172 FERC ¶ 61,045 at P 47 ("We find . . . that the cost inputs underlying Mystic's gross plant-in-service values . . . are appropriately addressed in the true-up process.  Accordingly, we decline to make findings on them here."); December 2018 Order, 165 FERC ¶ 61,267 at P 64.

confirmed,[39] that the Commission has never ruled on the justness and reasonableness of Mystic's July 1, 2004 – December 31, 2017 Rate Base. The July 2021 Delegated Order accepted a compliance filing proposing revisions to the Mystic Agreement that included the July 1, 2004 – December 31, 2017 Rate Base figures that Mystic has included and are subject to true-up in the Second Informational Filing. The July 2021 Delegated Order specified that "acceptance for filing shall not be construed as approval of the referenced filing or of any rate."[40] The D.C. Circuit relied on that language from the July 2021 Delegated Order to hold that, in accepting these figures for filing, the Commission "made no determination about whether those rates should be approved as just and reasonable."[41] We cannot find based on the record before us – which, as it relates to Mystic's July 1, 2004 – December 31, 2017 Rate Base, consists of a one-page document that merely lists the annual capital expense amounts that Mystic has included in the Second Informational Filing in Attachment B, Mystic 8&9 Schedule D[42] – that Mystic has provided adequate support for its July 1, 2004 – December 31, 2017 Rate Base as required by the terms of the Mystic Agreement.[43] Therefore, we set this issue for hearing and settlement judge procedures.

## 2.   **ENECOS Formal Challenge Issue 2**

### a.   **Pleadings**

21.    In ENECOS Formal Challenge Issue 2, ENECOS argues that Mystic's January 1, 2018 – December 31, 2022 Rate Base in Attachment B, Mystic 8&9 Schedule D and Workpaper 3 is not sufficiently supported, does not fulfill the Commission's rate and

---

[39] *See Constellation*, 45 F.4th at 1054 ("The Commission . . . has not yet determined whether the pre-2018 costs are just and reasonable.").

[40] July 2021 Delegated Order, Docket No. ER18-1639-009, at 2.

[41] *Constellation*, 45 F.4th at 1054 (quoting *id.*). *See also Ala. Power Co. v. FERC*, 993 F.2d 1557, 1565 n.4 (D.C. Cir. 1993) ("[T]he Commission correctly explained that the mere acceptance of agreements for filing does not constitute a substantive determination that the rate methodology employed is just and reasonable." (internal quotations omitted)).

[42] *See* Prepared Supplemental Direct Testimony of Alan C. Heintz, Ex. No. MYS-024 (July 30, 2018) (attached to ENECOS Formal Challenge as Exhibit 3). Mystic subsequently updated this list of annual capital expenses on September 13, 2018. *See* Prepared Rebuttal Testimony of Alan C. Heintz, Ex. No. MYS-0038 (Sept. 13, 2018) (attached to ENECOS Answer to Mystic Response).

[43] Mystic Agreement, Schedule 3A, § II.2.A.

accounting principle requirements, and appears to consist of operation and maintenance expenses that should not be allocated to ratepayers.  ENECOS states that Workpaper 3 only provides a monthly listing of expenditures by project and does not explain how such expenditures qualify as capital expenditures.  In addition, ENECOS asserts that Mystic has provided insufficient information to verify whether Mystic made proper accounting entries that offset and reflect the removal of property units from service, which would reduce net plant in service, or whether Mystic has appropriately classified such expenses.[44]

22.     In its response, Mystic avers that ENECOS provides no support for its argument that the January 1, 2018 – December 31, 2022 Rate Base expenditures are operation and maintenance expenses other than by stating that Mystic has not met the Commission's rate and accounting requirements.  Mystic states that, per the protocols, it is required to update net plant from 2018 to 2021, which it has done.[45]  Mystic further argues that it has booked these expenditures in accordance with USofA accounting principles and that ENECOS' claim that all of Mystic's expenditures during this period were operations and maintenance expenditures is not credible.  Finally, Mystic contends that it cannot honor ENECOS' request to make offsetting accounting entries, as doing so is prohibited by the protocols in the Mystic Agreement.[46]

23.     In its answer, ENECOS argues that the Commission's granting Mystic market-based rate waivers of 18 C.F.R. Parts 101 and 141 does not absolve Mystic of the obligation to provide detailed and transparent accounting data for its claimed costs when returning to a cost-of-service rate formula, and that these waivers in fact only strengthen the need for transparent accounting and documentation.  ENECOS reiterates its argument that Mystic has provided insufficient evidence to support these costs.[47]

### b.     Commission Determination

24.     Regarding ENECOS Formal Challenge Issue 2, we find that Mystic has not adequately supported its January 1, 2018 – May 31, 2022 Rate Base in line with the requirements of Schedule 3A and the Methodology of the Mystic Agreement.[48]

---

[44] ENECOS Formal Challenge at 14-16.

[45] Mystic Response to ENECOS Formal Challenge at 16 (citing Mystic Agreement, Schedule 3A, § I.B.2.ii).

[46] *Id.* at 16-17.

[47] ENECOS Answer to Mystic Response at 4-5, 13-14.

[48] Mystic Agreement, Schedule 3A, § II.2.A.

Document Accession #: 20231205-3097          Filed Date: 12/05/2023

ENECOS raises issues of material fact that cannot be resolved based on the record before us and that are more appropriately addressed in a trial-type, evidentiary hearing and settlement judge procedures.[49]

25.      We find that Mystic has provided insufficient support for its January 1, 2018 – May 31, 2022 Rate Base in the Attachment B of the Second Informational Filing.  As the Commission stated in the First Informational Filing Order,[50] Mystic must provide support for all projected inputs to the formula rate template at the time of the Second Informational Filing.[51]  We reiterate that Mystic's historical expenses (including Mystic's January 1, 2018 – May 31, 2022 Rate Base) are subject to challenge in the Second Informational Filing, regardless of whether or not there has been a change in circumstances.  We cannot find based on the record before us that Mystic has provided adequate support of its January 1, 2018 – May 31, 2022 Rate Base as required by the terms of the Mystic Agreement.[52]  Therefore, we set this issue for hearing and settlement judge procedures.

26.      However, we find that ENECOS Formal Challenge Issue 2 as it relates to Mystic's June 1, 2022 – December 31, 2022 Rate Base is outside the scope of this proceeding, and we therefore dismiss the challenge to Mystic's June 1, 2022 – December 31, 2022 Rate Base.  Mystic's June 1, 2022 – December 31, 2022 Rate Base was the subject of the First Informational Filing, was set for hearing and settlement procedures, and was subsequently resolved with the Commission's approval of the First Informational Filing Settlement.[53]

---

[49] *See, e.g.*, *Delmarva Power & Light Co.*, 145 FERC ¶ 61,055 at P 60 ("We cannot find on this record that DP&L has supported the propriety of the inclusion of certain costs in DP&L's formula rate.  Rather, we find that the Formal Challenges raise issues of material fact that cannot be resolved based on the record before us, and are more appropriately addressed in a trial-type, evidentiary hearing and settlement judge procedures.").

[50] *See* First Informational Filing Order, 179 FERC ¶ 61,011 at P 25.

[51] Mystic Agreement, Schedule 3A, § I.A.

[52] *Id.* Schedule 3A, § II.2.A.

[53] First Informational Filing Order, 179 FERC ¶ 61,011 at P 1 (addressing "capital expenditures and related costs (2022 CapEx Projects) that Mystic projects it will collect as an expense between June 1, 2022 and December 31, 2022" and setting for hearing "whether the 2022 CapEx Projects are consistent with the requirements of the Mystic Agreement"); Settlement Order, 184 FERC ¶ 61,070 at P 6 & n.7 ("[T]he Settlement has

### 3.    ENECOS Formal Challenge Issues 3-5

#### a.    Pleadings

27.    In ENECOS Formal Challenge Issues 3-5, ENECOS argues that Mystic has not met its burden of proving that certain costs under Mystic's 2022 CapEx Projects[54]—specifically, its Campus Segregation Project and comprehensive rotor inspections—are necessary to meet the reliability need of the Mystic Agreement and the least-cost commercially reasonable option consistent with Good Utility Practice.[55]  ENECOS states that this issue was set for hearing and settlement proceedings in the First Informational Filing Order, but that the Commission stated that it could not rule on these two specific projects in the First Informational Filing Order because these were historical costs, which can only be challenged in the Second Informational Filing.[56]  ENECOS suggests its challenges to these projects be included within the existing hearing and settlement

---

no effect as to Rate Base CapEx for the period January 1, 2018 through May 31, 2022.").

[54] 2022 CapEx Projects represent projected capital expenditures during the term of the Mystic Agreement in 2022 that are fully reimbursable.  Mystic's projected 2022 CapEx Projects costs are listed in the Second Informational Filing in Attachment B, Mystic 8&9 Schedule D in line 26 (Mystic's 2022 CapEx Projects) and Attachment B, Everett Schedule D in line 9 (Everett's 2022 CapEx Projects) under the heading "RMR CapEx."

[55] ENECOS explains that Issue 3 in ENECOS Formal Challenge is "related to, and largely coextensive with" ENECOS Formal Challenge Issues 4 and 5.  ENECOS Formal Challenge at 8.  In ENECOS Formal Challenge Issue 3, ENECOS argues that a portion of Mystic's 2022 CapEx Projects should have been booked as operation and maintenance expenses – rather than capital expenses – incurred prior to the effective date of the Mystic Agreement.  In ENECOS Formal Challenge Issue 4, ENECOS argues that the costs of Mystic's comprehensive rotor inspections in 2020 and 2021 for three of the four combustion turbines associated with Mystic 8 & 9 were not prudently incurred.  In ENECOS Formal Challenge Issue 5, ENECOS argues that the costs of Mystic's Campus Segregation Project – which involved the reconfiguration in 2021 of a retired Mystic Unit 7 auxiliary boiler to operate as a source of steam cooling for the blades of the Mystic 8 & 9 combustion turbines – should have been booked as operation and maintenance expenses incurred prior to the effective date of the Mystic Agreement.  *Id.* at 7-8, 16-17.

[56] *Id.* at 17 (citing First Informational Filing Order, 179 FERC ¶ 61,011 at PP 24, 26).

proceedings as a matter of efficiency. ENECOS further argues that Mystic appears to have shifted project costs between Rate Base and CapEx Projects without explanation.[57]

28.     In response, Mystic contends that ENECOS has simply repeated its challenges from the First Informational Filing, and that there are no changed facts, as the update to the 2022 CapEx Projects will only come in the Third Informational Filing. Mystic agrees with ENECOS that ENECOS Formal Challenge Issues 3-5 should be resolved in the existing hearing and settlement procedures but contends that it has properly booked these projects, that it is not arbitrarily shifting projects between Rate Base and CapEx Projects, and that a project is included in Rate Base or in CapEx Projects depending on when it went into service. Mystic states that it cannot predict which projects will be necessary and when they will be put into service with certainty ahead of time, and that there will be changes to these numbers in the true-up process. Mystic argues that the ENECOS challenge appears to be an issue with the protocols, not with the Second Informational Filing.[58]

29.     In its answer, ENECOS contends that all of Mystic's arguments can be resolved by the Commission asserting that ENECOS does not have to reassert its challenge for each informational filing in order to preserve its objections to the 2022 CapEx Projects.[59]

30.     Mystic responds that ENECOS Formal Challenge Issues 3-5 are placeholder challenges. Mystic states that these challenges were set for hearing and settlement proceedings in the First Informational Filing Order and that those proceedings are ongoing. Mystic asserts that ENECOS has stated that these challenges are placeholders, and argues that they should therefore be denied on that basis.[60]

### b.     Commission Determination

31.     We find that ENECOS Formal Challenge Issues 3-5, as they relate to Mystic's June 1, 2022 through December 31, 2022 projected 2022 CapEx Projects, are outside the scope of this proceeding and therefore dismiss them. Mystic submitted these projected expenditures in its First Informational Filing, in accordance with the Mystic Agreement protocols.[61] The Commission set the question of whether the 2022 CapEx Projects were

---

[57] *Id.* at 16-23.

[58] Mystic Response to ENECOS Formal Challenge at 18-20.

[59] ENECOS Answer to Mystic Response at 7.

[60] Mystic Answer to ENECOS Answer at 2-4.

[61] Mystic Agreement, Schedule 3A, § I.B.1.i.

Document Accession #: 20231205-3097          Filed Date: 12/05/2023

adequately supported for hearing and settlement procedures in the First Informational Filing Order,[62] and they were subsequently resolved with the Commission's acceptance of the First Informational Filing Settlement.[63]   To the extent that ENECOS Formal Challenge Issues 3-5 relate to Mystic's July 1, 2004 – December 31, 2017 Rate Base and/or Mystic's January 1, 2018 – May 31, 2022 Rate Base,[64] which were not set for hearing in the First Informational Filing Order or resolved by the First Informational Filing Settlement, we are setting those for hearing and settlement judge procedures in this order.[65]

### 4.      ENECOS Formal Challenge Issue 6

#### a.      Pleadings

32.      In ENECOS Formal Challenge Issue 6, ENECOS argues that Mystic has not fulfilled its obligation under the Mystic Agreement to show that Everett's November 1, 2018 – December 31, 2022 Rate Base included in Everett Schedule D and Workpaper 3 in the populated formula rate serves Mystic and is therefore chargeable to ratepayers. Further, ENECOS argues that, from the information that is available, it appears that all of Everett's November 1, 2018 – December 31, 2022 Rate Base should have been categorized as maintenance expenses and not charged to ratepayers under the Mystic Agreement.[66]

33.      In its response, Mystic states that the Commission has held that 91% of Everett's costs should be allocated to Mystic, and that all of these costs are part of the filed rate and therefore cannot be changed in this proceeding.  Mystic argues that this can only be addressed in the remand proceeding, and that this challenge is out of scope here and should be dismissed.  Further, Mystic argues that its accounting policy is consistent with the Commission's accounting principles and that it has accurately categorized Everett's November 1, 2018 – December 31, 2022 Rate Base projections.[67]

---

[62] *See* First Informational Filing Order, 179 FERC ¶ 61,011 at P 26.

[63] Settlement Order, 184 FERC ¶ 61,070 at P 6 & n.7.

[64] *See supra* text accompanying note 56.

[65] *See supra* PP 20, 25.

[66] ENECOS Formal Challenge at 23-25.

[67] Mystic Response to ENECOS Formal Challenge at 20-21.

34.      In its answer to Mystic's Response, ENECOS argues that the Commission's granting of waiver of 18 C.F.R. Parts 101 and 141 for Mystic does not excuse Mystic from providing adequate support for its revenue requirements.  Further, ENECOS argues that the Commission has made clear that the only Everett costs that can be charged to ratepayers through the Mystic Agreement are those associated with providing fuel service to Mystic, and that the Commission has not authorized Mystic to charge ratepayers 91% of all Everett costs.  ENECOS restates that the costs itemized in Workpaper 3 have not been shown to be related to providing fuel service to Mystic.[68]

35.      In its answer to ENECOS' Answer, Mystic argues that it has met its burden of showing that its projected capital expenditures have been reasonably determined to be the least-cost commercially reasonable option to meet the Mystic Agreement obligations, and that ENECOS is attempting to add an additional requirement, not in the protocols, that Mystic must show that such projects were undertaken to serve Mystic.  Nonetheless, Mystic argues that the costs that ENECOS has specifically challenged are all related to serving Mystic.[69]

### b.      Commission Determination

36.      Regarding ENECOS Formal Challenge Issue 6, we agree with Mystic that there are no provisions in the Mystic Agreement that require Mystic to show that Everett costs included in the Mystic Agreement have been undertaken to serve Mystic.[70]  The Mystic Agreement requires Mystic to support capital expenditures incurred during the term of the Mystic Agreement with a description of the project(s), including project costs and alternative projects considered, an explanation of why the capital expenditures are necessary to meet the obligations of the Mystic Agreement, and a demonstration that such capital expenditures are the least-cost commercially reasonable option consistent with Good Utility Good Practice.[71]  The Mystic Agreement does not include a requirement that Mystic demonstrate that capital expenditures incurred at Everett were undertaken to serve Mystic.[72]  Neither Schedule 3A section II, which details the level of support Mystic must provide in all Informational Filings, nor Schedule 3A section I.B.2, which details the specific support Mystic must provide in the Second Informational Filing, imposes

---

[68] ENECOS Answer to Mystic Response at 14-16.

[69] Mystic Answer to ENECOS Answer at 7-8.

[70] *See* Mystic Agreement, Schedule 3A, § II.2.A.

[71] *Id.*

[72] *Id.*

such a requirement on Mystic.[73]  The only Everett-related rate component that is subject to true up pursuant to Schedule 3A of the Mystic Agreement is the Everett Fixed O&M/Return on Investment, which represents 91% of Everett's fixed operating costs.[74]

37.     We therefore find that ENECOS has not supported its proposition that Mystic is under an obligation to show that expenditures associated with Everett's November 1, 2018 – December 31, 2022 Rate Base were undertaken to serve Mystic.  At issue in this proceeding, as relevant to ENECOS Formal Challenge Issue 6, is whether or not the Methodology regarding Everett's Rate Base was properly implemented and inputs were adequately supported.[75]  Therefore, we dismiss this challenge in part, with regard to ENECOS' argument that Mystic has not fulfilled its obligations under the terms of Mystic Agreement.

38.     However, we find that Mystic has provided insufficient support for Everett's November 1, 2018 – May 31, 2022 Rate Base in Attachment B of the Second Informational Filing.  As outlined in the Mystic Agreement, Everett costs are passed through the Mystic Agreement through the Monthly Fuel Supply Cost, which includes Fixed O&M/Return on Investment Costs,[76] which are trued up in accordance with the Methodology.  As with Mystic costs included in the Methodology, all Everett costs included in the Methodology must be adequately supported and are subject to challenge in the Second Informational Filing.  We cannot find based on the record before us that Mystic provides adequate support for Everett's November 1, 2018 – May 31, 2022 Rate Base as required by the Mystic Agreement.[77]  Therefore, we set this issue for hearing and settlement judge procedures.

39.     However, we also find that ENECOS Formal Challenge Issue 6 as it relates to Everett's June 1, 2022 – December 31, 2022 Rate Base is outside the scope of this

---

[73] *Id.*; *id.* Schedule 3A, § I.B.2.

[74] *Id.* Schedule 3 ("[T]he Fixed O&M/Return on Investment Costs . . . shall be equal to 91% of the fixed cost of service of [Everett], as accepted by the Commission."); *Constellation Mystic Power, LLC*, 182 FERC ¶ 61,200, at P 31 (2023) (Remand Order); *Constellation Mystic Power, LLC*, 185 FERC ¶ 61,016, at P 61 (2023) (Remand Rehearing Order).

[75] Mystic Agreement, Schedule 3A, § II.4.D. *See also id.* Schedule 3A, § II.3.B ("[I]nformation and document requests shall not otherwise be directed to ascertaining whether the Methodology is just and reasonable.").

[76] *Id.* Schedule 3.

[77] *Id.* Schedule 3A, § II.2.A.

proceeding, and therefore dismiss it. Everett's June 1, 2022 – December 31, 2022 Rate Base was the subject of the First Informational Filing, which the Commission set for hearing and settlement judge procedures, and it was subsequently resolved with the Commission's approval of the First Informational Filing Settlement.[78]

## 5.    ENECOS Formal Challenge Issue 7

### a.    Pleadings

40.    In ENECOS Formal Challenge Issue 7, ENECOS challenges the classification of certain of Everett's 2022 CapEx Projects costs in the First Informational Filing, arguing that such costs should have been characterized as maintenance expenses charged before the Mystic Agreement term, and therefore not charged to ratepayers under the Mystic Agreement. In addition, ENECOS challenges the inclusion of certain other costs that were identified as Everett's 2022 or 2023 CapEx Projects, arguing that it has not been shown that such costs were undertaken to serve Mystic, and ENECOS therefore argues that such costs should not be charged to ratepayers under the Mystic Agreement. ENECOS states that these costs were identified in a Mystic workpaper that was not filed with the Commission.[79]

41.    In its response, Mystic argues that the Commission should reject this challenge, as the protocols state that the 2022 CapEx Projects costs are to be projected in the First Informational Filing and updated with actual costs in the Third Informational Filing but are not under review in the Second Informational Filing. Further, Mystic states that the project costs that ENECOS argues are maintenance expenses are legitimate capital expenditures, and if such expenditures are found to have been incurred prior to the term, such costs should be moved into rate base, not entirely excluded from the Mystic Agreement. Finally, Mystic argues that it is not under an obligation to show that individual Everett capital expenditures covered by the Mystic Agreement were undertaken to serve Mystic.[80]

---

[78] First Informational Filing Order, 179 FERC ¶ 61,011 at P 1 (addressing "capital expenditures and related costs (2022 CapEx Projects) that Mystic projects it will collect as an expense between June 1, 2022 and December 31, 2022" and setting for hearing "whether the 2022 CapEx Projects are consistent with the requirements of the Mystic Agreement"); Settlement Order, 184 FERC ¶ 61,070 at P 6 & n.7 ("[T]he Settlement has no effect as to Rate Base CapEx for the period January 1, 2018 through May 31, 2022.").

[79] ENECOS Formal Challenge at 25-27.

[80] Mystic Response to ENECOS Formal Challenge at 22-23.

42.     In response, ENECOS reiterates that the Commission's granting of waiver of 18 C.F.R. Parts 101 and 141 for Mystic does not excuse Mystic from providing adequate support for its revenue requirements.  Further, ENECOS restates that the costs identified in this challenge have not been shown to be related to providing fuel service to Mystic, and that some of these costs appear to be for recurring maintenance activities.[81]

43.     Mystic responds that it has met its burden of showing that its projected capital expenditures have been reasonably determined to be the least-cost commercially reasonable option to meet the Mystic Agreement's obligations.  Mystic contends that ENECOS is attempting to add an additional requirement that is not in the protocols that would require Mystic to show that such projects were undertaken to serve Mystic. Mystic also argues that challenges to 2022 CapEx Projects are outside the scope of the Second Informational Filing, and that Mystic has provided sufficient support for its 2023 CapEx Projects by providing Attachment A alongside supplemental project request forms provided to ENECOS during discovery and included with its answer to ENECOS Formal Challenge.[82]

### b.     Commission Determination

44.     For the reasons discussed above regarding ENECOS Formal Challenge Issue 6, we dismiss ENECOS Formal Challenge Issue 7 in part regarding ENECOS' argument that Mystic has not fulfilled its obligation to show that Everett's 2022 and 2023 CapEx Projects were undertaken to serve Mystic.  In addition, we dismiss ENECOS Formal Challenge Issue 7 as it relates to Everett's 2022 CapEx Projects as outside the scope of this filing.  Everett's 2022 CapEx Projects were the subject of the First Informational Filing, which the Commission set for hearing and settlement judge procedures, and were subsequently resolved with the Commission's approval of the First Informational Filing Settlement.[83]

---

[81] ENECOS Answer to Mystic Response at 14-16.

[82] Mystic Answer to ENECOS Answer at 7-10.

[83] First Informational Filing Order, 179 FERC ¶ 61,011 at P 1 (addressing "capital expenditures and related costs (2022 CapEx Projects) that Mystic projects it will collect as an expense between June 1, 2022 and December 31, 2022" and setting for hearing "whether the 2022 CapEx Projects are consistent with the requirements of the Mystic Agreement"); Settlement Order, 184 FERC ¶ 61,070 at P 6 & n.7 ("[T]he Settlement has no effect as to Rate Base CapEx for the period January 1, 2018 through May 31, 2022.").

Docket No. ER18-1639-000                                    - 21 -

45.     However, regarding ENECOS' argument that Mystic has not adequately supported Everett's projected 2023 CapEx Projects,[84] we cannot find based on the record before us that Mystic has met its burden of demonstrating that Everett's projected 2023 CapEx Projects meets the standard required by the Mystic Agreement, namely that the capital expenditures are:  (1) necessary to meet Mystic's obligations under the Mystic Agreement; and (2) the least-cost commercially reasonable option consistent with Good Utility Practice.[85]  Therefore, we set this issue for hearing and settlement judge procedures.  The hearing should consider whether the support Mystic has provided for Everett's projected 2023 CapEx Projects satisfies these two standards.

## 6.     ENECOS Formal Challenge Issue 8

### a.     Pleadings

46.     In ENECOS Formal Challenge Issue 8, ENECOS argues that the costs of firm interstate and intrastate pipeline transportation reservations in Everett Schedule B of the populated template should be eliminated from the Mystic Agreement as these payments only support the sale of vaporized liquified natural gas (LNG) to parties other than Mystic, and therefore do not benefit ratepayers.[86]  ENECOS contends that, while they have also filed a complaint under FPA section 206 seeking the same relief, such relief would likely be more comprehensive if corrected on remand, as doing so would allow recovery of such costs between the effective date of the Mystic Agreement and a refund effective date that the Commission would establish in the complaint.[87]

47.     In its comments in support, Public Systems state that they agree with ENECOS that it is unjust and unreasonable to include the costs of pipeline transportation reservations in the formula rate because such costs support vaporized LNG sales that

---

[84] We note that, pursuant to the Settlement, "Mystic agrees that it will seek to recover costs for all Everett capital projects placed into service in calendar year 2023 as '2023 Rate Base CapEx,'" rather than as 2023 CapEx Projects.  Mystic Agreement, Schedule 4, § 2.3.2.

[85] *Id.* Schedule 3A, § II.2.A.

[86] ENECOS Formal Challenge at 28.

[87] *Id.* at 28-29.  On March 28, 2023, the Commission granted that complaint in part, denied it in part, and required further compliance proceedings.  *Belmont Mun. Light Dept. v. Constellation Mystic Power, LLC*, 182 FERC ¶ 61,199 (2023).

Mystic cannot receive, and that Mystic does not receive credit from revenue resulting from such sales.[88]

48.      In its response, Mystic argues that ENECOS is not challenging the inputs to the filed rate, but rather is challenging the filed rate itself, which is outside the scope of a formal challenge to an Informational Filing.[89]

49.      In its answer, ENECOS asserts that the remand grants the Commission authority to address inappropriate cost allocations in the Mystic Agreement, but acknowledges that the Commission may prefer to act through a complaint proceeding.[90]

### b.      Commission Determination

50.      In ENECOS Formal Challenge Issue 8, ENECOS argues that pipeline transportation costs are unjust and unreasonable and should be eliminated from the Mystic Agreement.  This challenge is outside the scope of this proceeding as ENECOS seeks to modify the Methodology in the Mystic Agreement.[91]  As such, we dismiss ENECOS Formal Challenge Issue 8.  Further, the issue of pipeline transportation costs has been addressed in *Belmont Municipal Light Dept. v. Constellation Mystic Power, LLC*[92] in response to ENECOS' complaint regarding the inclusion of pipeline transportation costs in the Mystic Agreement.

The Commission orders:

(A)      ENECOS Formal Challenge is hereby granted in part, subject to hearing and settlement judge procedures, and summarily dismissed in part, as discussed in the body of this order.

(B)      Pursuant to the authority contained in and subject to the jurisdiction conferred on the Federal Energy Regulatory Commission by section 402(a) of the

---

[88] Public Systems Comments at 1-2.

[89] Mystic Response to ENECOS Formal Challenge at 23-24.

[90] ENECOS Answer to Mystic Response at 7-8.

[91] Mystic Agreement, Schedule 3A, § II.4.I ("No party shall seek to modify the Methodology under the Challenge Procedures set forth in these protocols and Filings shall not be subject to challenge by anyone for the purpose of modifying the Methodology.").

[92] 182 FERC ¶ 61,199.

Department of Energy Organization Act and the FPA, particularly sections 205 and 206 thereof, and pursuant to the Commission's Rules of Practice and Procedure and the regulations under the FPA (18 C.F.R. Chapter I), a public hearing shall be held concerning whether Mystic has sufficiently supported its July 1, 2004 – December 31, 2017 Rate Base, its January 1, 2018 – May 31, 2022 Rate Base, Everett's November 1, 2018 – May 31, 2022 Rate Base, and Everett's 2023 CapEx Projects, as required by Schedule 3A of the Mystic Agreement, as discussed in the body of this order. However, the hearing will be held in abeyance to provide time for settlement judge procedures, as discussed in Ordering Paragraphs (C) and (D) below.

(C)     Pursuant to Rule 603 of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.603, the Chief Judge is hereby directed to appoint a settlement judge in this proceeding within 45 days of the date of this order. Such settlement judge shall have all powers and duties enumerated in Rule 603 and shall convene a settlement conference as soon as practicable after the Chief Judge designates the settlement judge. If parties decide to request a specific judge, they must make their request to the Chief Judge within five days of the date of this order.

(D)     Within 60 days of the appointment of the settlement judge, the settlement judge shall file a report with the Commission and the Chief Judge on the status of the settlement discussions. Based on this report, the Chief Judge shall provide participants with additional time to continue their settlement discussions, if appropriate, or assign this case to a presiding judge for a trial-type evidentiary hearing, if appropriate. If settlement discussions continue, the settlement judge shall file a report at least every 60 days thereafter, informing the Commission and the Chief Judge of participants' progress toward settlement.

(E)     If settlement judge procedures fail and a trial-type evidentiary hearing is to be held, a presiding judge, to be designated by the Chief Judge, shall, within 45 days of the date of the presiding judge's designation, convene a prehearing conference in these proceedings in a hearing room of the Commission, 888 First Street, NE, Washington, DC 20426, or remotely (by telephone or electronically), as appropriate. Such a conference shall be held for the purpose of establishing a procedural schedule. The presiding judge is authorized to establish procedural dates, and to rule on all motions (except motions to dismiss) as provided in the Commission's Rules of Practice and Procedure.

By the Commission. Commissioner Danly is not participating.

( S E A L )

Kimberly D. Bose,
Secretary.

Document Content(s)

ER18-1639-000.docx......................................................1

# Exhibit 2

186 FERC ¶ 62,048
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Constellation Mystic Power, LLC                    Docket No. ER18-1639-028

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(February 5, 2024)

Rehearing has been timely requested of the Commission's order issued on December 5, 2023, in this proceeding. *Constellation Mystic Power, LLC*, 185 FERC ¶ 61,170 (2023). In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied. 16 U.S.C. § 825*l*(a); 18 C.F.R. § 385.713 (2023); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

As provided in 16 U.S.C. § 825*l*(a), the request for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section. As also provided in 16 U.S.C. § 825*l*(a), the Commission may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper.

Debbie-Anne A. Reese,
Acting Secretary.

Document Content(s)

ER18-1639-028.docx....................................................1

# Exhibit 3

Service List for ER18-1639-000 Constellation Mystic Power, LLC

Contacts marked ** must be postal served

| Party | Primary Person or Counsel of Record to be Served | Other Contact to be Served |
|---|---|---|
| American Public Power Association | Desmarie Waterhouse<br>Senior VP & General Counsel<br>American Public Power Association<br>2451 CRYSTAL DR STE 1000<br>ARLINGTON, VIRGINIA 22202<br>UNITED STATES<br>dwaterhouse@publicpower.org | Delia D. Patterson, ESQ<br>SVP, Advocacy & Communications<br>American Public Power Association<br>2451 Crystal Drive<br>Suite 1000<br>Arlinton, VIRGINIA 22202<br>dpatterson@publicpower.org |
| Avangrid Renewables, LLC | Toan-Hao Nguyen<br>Deputy General Counsel<br>Avangrid Renewables, LLC<br>1125 NW Couch, Suite 700<br>Portland, OREGON 97209<br>UNITED STATES<br>toan.nguyen@avangrid.com | |
| Braintree Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Calpine Corporation | Sarah Novosel<br>Senior VP and Managing Counsel<br>Calpine Corporation<br>717 TEXAS ST STE 1000<br>HOUSTON, TEXAS 77002<br>UNITED STATES<br>snovosel@calpine.com | |
| Calpine Corporation | | Brett Kruse<br>Vice President, Market Design<br>717 Texas Ave.<br>Suite 1000<br>Houston, TEXAS 77002<br>bkruse@calpine.com |
| Cavus Energy LLC | Deirdre McCaffrey<br>Managing Member<br>191 Post Road W Suite 82<br>Westport, CONNECTICUT 06880<br>UNITED STATES<br>dmccaffrey@cavusenergy.com | |
| Cogentrix Energy Power Management, LLC | Christopher Sherman<br>Vice President, Cogentrix<br>Cogentrix Energy Power Management, LLC<br>3 Mill Street<br>Arlington, MASSACHUSETTS 02476 | |

| | | |
|---|---|---|
| | UNITED STATES<br>chrissherman@cogentrix.com | |
| Concord Municipal Light Plant | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Connecticut Department of Energy and Environmental Protection | Kirsten Rigney<br>Connecticut Department of Energy & Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>UNITED STATES<br>Kirsten.Rigney@ct.gov | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>robert.snook@ct.gov |
| Connecticut Department of Energy and Environmental Protection | | Jill Lacedonia<br>Office of Connecticut Attorney<br>165 CAPITOL AVE<br>HARTFORD, CONNECTICUT 06106<br>jill.lacedonia@ct.gov |
| Connecticut Municipal Electric Energy Cooperative | robin kipnis<br>Assistant General Counsel<br>Connecticut Municipal Electric Energy Co<br>30 Stott Avenue<br>Norwich, CONNECTICUT 06360<br>UNITED STATES<br>rkipnis@cmeec.org | |
| Connecticut Office of Consumer Counsel | James Talbert-Slagle<br>Staff Attorney, OCC<br>Connecticut Office of Consumer Counsel<br>10 FRANKLIN SQ<br>NEW BRITAIN, CONNECTICUT 06051-2644<br>UNITED STATES<br>james.talbert-slagle@ct.gov | William E Dornbos<br>Agency Legal Director, Office<br>10 FRANKLIN SQ<br>NEW BRITAIN, CONNECTICUT 06051<br>William.Dornbos@ct.gov |
| Connecticut Public Utilities Regulatory Authority | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1875 Eye Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W., Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036<br>jeffrey.schwarz@spiegelmcd.com |
| Connecticut Public Utilities Regulatory Authority | Clare Kindall<br>Solicitor General<br>Connecticut Public Utilities Regulatory Authority<br>165 CAPITOL AVE<br>HARTFORD, CONNECTICUT 06106<br>UNITED STATES<br>Clare.Kindall@ct.gov | Robert Luystersborghs<br>Principal Attorney<br>Public Utilities Regulatory Authority<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>robert.luystersborghs@ct.gov |

| | | |
|---|---|---|
| Connecticut Public Utilities Regulatory Authority | | Seth A. Hollander<br>Assistant Attorney General<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>seth.hollander@ct.gov |
| Connecticut Public Utilities Regulatory Authority | | Amber L Martin Stone, ESQ<br>Associate<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>amber.martin@spiegelmcd.com |
| Consolidated Edison Energy, Inc. | Jeff Dannels<br>Senior Manager Market Analytic<br>Con Edison Clean Energy Businesses, Inc.<br>100 Summit Lake Drive<br>Valhalla, NEW YORK 10595<br>UNITED STATES<br>dannelsj@conedceb.com | |
| Constellation Mystic Power, LLC | Noel Symons<br>Attorney<br>McGuireWoods LLP<br>888 16TH ST NW STE 500<br>BLACK LIVES MATTER PLAZA<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>nsymons@mcguirewoods.com | |
| Constellation Mystic Power, LLC | Noel Symons<br>Attorney<br>McGuireWoods LLP<br>888 16TH ST NW STE 500<br>BLACK LIVES MATTER PLAZA<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>nsymons@mcguirewoods.com | Katlyn A Farrell<br>McGuire Woods LLP<br>888 16TH ST NW STE 500<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>kfarrell@mcguirewoods.com |
| Constellation Mystic Power, LLC | John White<br>101 CONSTITUTION AVE NW STE 400-EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>john.white@constellation.com | Corban Coffman<br>McGuireWoods LLP<br>888 16th St NW<br>Suite 500, Black Lives Matter Plaza<br>Washington, DISTRICT OF COLUMBIA 20006<br>ccoffman@mcguirewoods.com |
| Constellation Mystic Power, LLC | | Carrie H Allen<br>SVP & Deputy General Counsel<br>CONSTELLATION ENERGY CORPORATION<br>101 Constitution Ave. NW Suite 400 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>carrie.allen@constellation.com |

| | | |
|---|---|---|
| Dighton Power, LLC | Meghan Gruebner<br>Senior Counsel<br>Eversheds Sutherland (US) LLP<br>1088 SANSOME ST<br>INC000000187608<br>SAN FRANCISCO, CALIFORNIA 94111<br>UNITED STATES<br>meghan.gruebner@patternenergy.com | Jeffrey Delgado<br>Managing Director<br>Lotus Infrastructure Partners<br>5 GREENWICH OFFICE PARK<br>C/O LOTUS INFRASTRUCTURE<br>PARTNERS<br>GREENWICH, CONNECTICUT 06831<br>jdelgado@lotuspartners.com |
| Direct Energy | Marjorie Philips<br>VP, Wholesale Market Policy<br>1700 Broadway, 38th Floor<br>New York, NEW YORK 10019<br>UNITED STATES<br>mphilips@lspower.com | |
| Direct Energy<br>Business Marketing,<br>LLC | Marjorie Philips<br>VP, Wholesale Market Policy<br>1700 Broadway, 38th Floor<br>New York, NEW YORK 10019<br>UNITED STATES<br>mphilips@lspower.com | |
| Direct Energy<br>Business, LLC | Marjorie Philips<br>VP, Wholesale Market Policy<br>1700 Broadway, 38th Floor<br>New York, NEW YORK 10019<br>UNITED STATES<br>mphilips@lspower.com | |
| Distrigas of<br>Massachusetts LLC | | David L Wochner<br>Attorney<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DISTRICT OF COLUMBIA<br>20006-1600<br>david.wochner@klgates.com |
| Distrigas of<br>Massachusetts LLC | | William Keyser, III<br>K&L Gates LLP<br>1330 Connecticut Avenue, NW<br>Washington, DISTRICT OF COLUMBIA<br>20036-1795<br>wkeyser@steptoe.com |
| Distrigas of<br>Massachusetts LLC | | Michael L O'Neill<br>Associate<br>K&L Gates LLP<br>K&L Gates LLP<br>1601 K Street NW<br>Washington, DISTRICT OF COLUMBIA<br>20006<br>mike.oneill@klgates.com |
| Dominion Energy<br>Services, Inc. | Wesley Walker<br>Senior Assistant General Couns<br>Dominion Companies<br>PO Box 25615<br>Richmond,VIRGINIA 23260-5615 | |

UNITED STATES
wesley.walker@dominionenergy.com

| | | |
|---|---|---|
| Eastern New England Consumer-Owned Systems | | Jon R. Stickman, ESQ Attorney Duncan & Allen LLP 1730 RHODE ISLAND AVE NW STE 700 WASHINGTON, DISTRICT OF COLUMBIA 20036 jrs@duncanallen.com |
| Electric Power Supply Association | Nancy Bagot Vice President Electric Power Supply Association 1401 NEW YORK AVE NW STE 950 WASHINGTON, DISTRICT OF COLUMBIA 20005 UNITED STATES NancyB@epsa.org | |
| ENGIE Gas & LNG LLC | | David L Wochner Attorney K&L Gates LLP 1601 K Street, NW Washington, DISTRICT OF COLUMBIA 20006-1600 david.wochner@klgates.com |
| ENGIE Gas & LNG LLC | | William Keyser, III K&L Gates LLP 1330 Connecticut Avenue, NW Washington, DISTRICT OF COLUMBIA 20036-1795 wkeyser@steptoe.com |
| ENGIE Gas & LNG LLC | | Michael L O'Neill Associate K&L Gates LLP K&L Gates LLP 1601 K Street NW Washington, DISTRICT OF COLUMBIA 20006 mike.oneill@klgates.com |
| Environmental Defense Fund | Natalie Karas ENVIRONMENTAL DEFENSE FUND 1875 Connecticut Ave NW Suite 800 Washington, DISTRICT OF COLUMBIA 20009 UNITED STATES nkaras@edf.org | |
| Eversource Energy Service Company | | Mary E Grover, ESQ Assistant General Counsel 247 Station Drive SE100 Westwood, MASSACHUSETTS 02090-2397 mary.grover@eversource.com |

| | | |
|---|---|---|
| Federal Energy Regulatory Commission | Michael Splete<br>Commission Staff Counsel<br>1100 First St., NE<br>FERC Office of Administrative Litigation<br>Washington, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>Michael.Splete@ferc.gov | James A Pepper<br>Trial Attorney<br>Commission Staff Counsel<br>888 First Street, N.E.<br>32-19<br>Washington, DISTRICT OF COLUMBIA 20426<br>james.pepper@ferc.gov |
| Federal Energy Regulatory Commission | Matthew Howell<br>Trial Attorney<br>Federal Energy Regulatory Commission<br>888 1ST ST NE<br>WASHINGTON, DISTRICT OF COLUMBIA 20426<br>UNITED STATES<br>Matthew.Howell@ferc.gov | Matthew Phillips<br>Commission Staff Counsel<br>1110 1st St. NE<br>Ofc. 3A-03<br>Washington, DISTRICT OF COLUMBIA 20002<br>matthew.phillips@ferc.gov |
| FirstLight Power Resources, Inc. | Marc Silver<br>FirstLight Power<br>850 Old Road to Nine Acre Corner<br>Concord, MASSACHUSETTS 01742<br>UNITED STATES<br>marc.silver@firstlight.energy | |
| FirstLight Power Resources, Inc. | Serena Rwejuna<br>Partner<br>Bracewell LLP<br>701 13TH ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>Serena.Rwejuna@whitecase.com | Stephen J Hug<br>Bracewell LLP<br>Robert S. Strauss Tower<br>2001 K ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>shug@akingump.com |
| Gaz Metro LNG, L.P. | Todd Griset<br>Preti, Flaherty, Beliveau, Pachios & Hal<br>PO Box 9546<br>Portland,MAINE 04112-9546<br>UNITED STATES<br>tgriset@preti.com | Hugo Sigouin-Plasse<br>hugo.sigouin-plasse@energir.com |
| Georgetown Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| HINGHAM MUNICIPAL LIGHTING PLANT | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |

| | | |
|---|---|---|
| Industrial Energy Consumer Group | Todd Griset<br>Preti, Flaherty, Beliveau, Pachios & Hal<br>PO Box 9546<br>Portland, MAINE 04112-9546<br>UNITED STATES<br>tgriset@preti.com | |
| ISO New England Inc. | Chris Hamlen<br>Regulatory Counsel<br>ISO New England Inc.<br>ISO New England Inc.<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>UNITED STATES<br>chamlen@iso-ne.com | Julie A Horgan<br>eTariff Coordinator<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>jhorgan@iso-ne.com |
| ISO New England Inc. | Maria Gulluni<br>Senior Counsel<br>ISO New England and New York ISO<br>1 Sullivan Rd<br>Holyoke, MASSACHUSETTS 01040<br>UNITED STATES<br>mgulluni@iso-ne.com | Linda M Morrison<br>Docket Administrator<br>ISO New England Inc.<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>LMorrison@iso-ne.com |
| ISO New England Inc. | | Linda Maile-Smith<br>Legal Administrative Assistant<br>ISO New England Inc.<br>1 SULLIVAN RD<br>HOLYOKE, MASSACHUSETTS 01040<br>lmailesmith@iso-ne.com |
| ISO New England Inc. | | Andrew T Swers<br>Wright & Talisman, P.C.<br>1200 G ST NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>swers@wrightlaw.com |
| ISO New England Inc. | | Ryan Collins<br>Attorney<br>Wright & Talisman, P.C.<br>1200 G Street, N.W., Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>collins@wrightlaw.com |
| Littleton Electric Light & Water Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| LS Power Associates, L.P. | Tom Hoatson<br>1 Tower Center<br>East Brunswick, NEW JERSEY 08816 | |

| | | |
|---|---|---|
| | UNITED STATES<br>thoatson@lspower.com | |
| LS Power Associates,<br>L.P. | Neil Levy<br>500 North Capitol Street, NW<br>Washington, DISTRICT OF COLUMBIA<br>20001<br>UNITED STATES<br>nlevy@mwe.com | |
| Maine Public Utilities<br>Commission | Eric Bryant<br>Staff Attorney<br>Maine Public Utilities Commission<br>101 Second Street<br>SHS 18<br>Hallowell, MAINE 04347<br>UNITED STATES<br>eric.j.bryant@maine.gov | |
| Massachusetts<br>Attorney General | Ashley Bond<br>Duncan & Allen LLP<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE<br>700<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20036<br>UNITED STATES<br>amb@duncanallen.com | |
| Massachusetts<br>Attorney General | Donald Boecke<br>Assistant Attoeny General<br>Massachusetts Attorney General<br>One Asburton Place<br>18th Floor<br>Boston, MASSACHUSETTS 02108<br>UNITED STATES<br>donald.boecke@mass.gov | |
| Massachusetts<br>Attorney General | Christopher Modlish<br>1 ASHBURTON PL<br>BOSTON, MASSACHUSETTS 02108<br>UNITED STATES<br>chris.modlish@mass.gov | |
| Massachusetts<br>Department of Public<br>Utilities | Greggory Wade<br>Massachusetts Department of Public<br>Utilities<br>Massachusetts Department of Public<br>Utilities<br>1 South Station<br>boston, MASSACHUSETTS 02110<br>UNITED STATES<br>greggory.wade@mass.gov | Krista L Hawley, ESQ<br>Hearing Officer, Dept. Public<br>Massachusetts Department of Public Utilities<br>One South Station<br>5th Floor<br>Boston, MASSACHUSETTS 02110<br>krista.hawley@mass.gov |
| Massachusetts<br>Municipal Wholesale<br>Electric Company | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1875 Eye Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20006 | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W., Suite 700<br>Washington, DISTRICT OF COLUMBIA<br>20036<br>jeffrey.schwarz@spiegelmcd.com |

UNITED STATES
Scott.Strauss@spiegelmcd.com

| | | |
|---|---|---|
| Massachusetts Municipal Wholesale Electric Company | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| McGuire Woods LLP | John White<br>McGuire Woods LLP<br>101 CONSTITUTION AVE NW STE 400-EAST<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>john.white@constellation.com | Corban Coffman<br>McGuireWoods LLP<br>McGuire Woods LLP<br>888 16th St NW<br>Suite 500, Black Lives Matter Plaza<br>Washington, DISTRICT OF COLUMBIA 20006<br>ccoffman@mcguirewoods.com |
| Middleborough Gas and Electric Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleton Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Milford Power, LLC | Meghan Gruebner<br>Senior Counsel<br>Eversheds Sutherland (US) LLP<br>1088 SANSOME ST<br>INC000000187608<br>SAN FRANCISCO, CALIFORNIA 94111<br>UNITED STATES<br>meghan.gruebner@patternenergy.com | Jeffrey Delgado<br>Managing Director<br>Lotus Infrastructure Partners<br>5 GREENWICH OFFICE PARK<br>C/O LOTUS INFRASTRUCTURE PARTNERS<br>GREENWICH, CONNECTICUT 06831<br>jdelgado@lotuspartners.com |
| Monitoring Analytics, LLC | Jeffrey Mayes<br>General Counsel<br>Monitoring Analytics, LLC<br>2621 Van Buren Avenue, Suite 160<br>Valley Forge Corporate Center<br>Eagleville, PENNSYLVANIA 19403<br>UNITED STATES<br>jeffrey.mayes@monitoringanalytics.com | Joseph Bowring<br>Monitoring Analytics, LLC<br>2621 Van Buren Avenue, Suite 160<br>Norristown, PENNSYLVANIA 19403<br>Joseph.Bowring@monitoringanalytics.com |
| Monitoring Analytics, LLC | | Suzette N Krausen<br>Executive Assistant<br>Monitoring Analytics, LLC<br>2621 Van Buren Ave Ste 160 |

| | | Norristown, PENNSYLVANIA 19403<br>Suzette.Krausen@monitoringanalytics.com |
|---|---|---|
| National Grid USA | Daniel Galaburda<br>Senior Counsel<br>Niagara Mohawk Power Corporation<br>40 Sylvan Road<br>Waltham, MASSACHUSETTS 02451-1120<br>UNITED STATES<br>daniel.galaburda@nationalgrid.com | |
| National Grid USA | Michael Kunselman<br>Alston & Bird LLP<br>1301 K Street, NW Suite 500 East<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>michaelkunselman@dwt.com | Sean A Atkins, ESQ<br>Partner<br>Alston & Bird LLP<br>1301 K Street NW<br>Suite 500 East<br>Washington, DISTRICT OF COLUMBIA 20005<br>seanatkins@dwt.com |
| National Grid USA | Samin Peirovi<br>Davis Wright Tremaine LLP<br>1301 K ST NW STE 500 East<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>saminpeirovi@dwt.com | |
| New England Local Distribution Companies | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>UNITED STATES<br>wwilliamson@odec.com | Edna M Karanian<br>Director - Gas Supply<br>Eversource Energy Service Company<br>107 Selden Street<br>Berlin, CONNECTICUT 06037<br>edna.karanian@eversource.com |
| New England Local Distribution Companies | | Nicole S Allen<br>Partner<br>Thompson Coburn LLP<br>1909 K Street NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006<br>nallen@thompsoncoburn.com |
| New England Local Distribution Companies | | Anthony J. Contrino<br>Energy Supply Manager<br>WESTFIELD, CITY OF<br>100 Elm Street<br>PO Box 990<br>Westfield, MASSACHUSETTS 01085<br>acontrino@wgeld.org |
| New England Local Distribution Companies | | Ann C Hartigan<br>hartigan@unitil.com |
| New England Local Distribution Companies | | Benjamin S Collins<br>benjamin.collins@eversource.com |

| | | |
|---|---|---|
| New England Local Distribution Companies | John P Gregg, ESQ<br>Managing Partner<br>McCarter & English, LLP<br>1301 K St., N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>jgregg@mccarter.com | |
| New England Local Distribution Companies | Kenneth W. Christman<br>Associate General Counsel<br>NiSource Corporate Services Co.<br>501 Technology Drive<br>Canonsburg, PENNSYLVANIA 15317<br>kchrist@nisource.com | |
| New England Local Distribution Companies | Suzanne Langlois<br>Gas Supply Analyst<br>Connecticut Natural Gas Corporation<br>77 Hartland Street<br>East Hartford, CONNECTICUT 06108<br>slanglois@ctgcorp.com | |
| New England Power Generators Association Inc. | Bruce Anderson<br>VP, Market and Regulatory Affa<br>New England Power Generators Association Inc.<br>33 Broad St., 7th Floor<br>Boston, MASSACHUSETTS 02109<br>UNITED STATES<br>banderson@nepga.org | |
| New England Power Pool Participants Committee | David Doot<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CONNECTICUT 06103<br>UNITED STATES<br>dtdoot@daypitney.com | Sebastian Lombardi<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CONNECTICUT 06103-1212<br>slombardi@daypitney.com |
| New England Power Pool Participants Committee | Sophia Browning<br>Associate<br>Day Pitney LLP<br>555 11th St NW<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>sbrowning@daypitney.com | Joseph H Fagan, ESQ<br>Partner<br>Day Pitney LLP<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>jfagan@daypitney.com |
| New England Power Pool Participants Committee | Margaret Czepiel<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>mczepiel@daypitney.com | |
| New England States Committee on Electricity | Jeffrey Bentz<br>Director of Analysis<br>New England States Committee on Electricity | |

| | | |
|---|---|---|
| | 424 Main Street<br>Osterville, MASSACHUSETTS 02655<br>UNITED STATES<br>jeffbentz@nescoe.com | |
| New England States Committee on Electricity | | Shannon Beale<br>PO Box 322<br>Osterville, MASSACHUSETTS 02655<br>shannonbeale@nescoe.com |
| New Hampshire Electric Cooperative, Inc. | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1875 Eye Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, N.W., Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036<br>jeffrey.schwarz@spiegelmcd.com |
| New Hampshire Electric Cooperative, Inc. | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>eService@spiegelmcd.com |
| New Hampshire Office of Consumer Advocate | D. Maurice Kreis<br>Consumer Advocate<br>New Hampshire Office of Consumer Advocate<br>Office of Consumer Advocate<br>21 South Fruit Street, Suite 18<br>Concord, NEW HAMPSHIRE 03301<br>UNITED STATES<br>donald.kreis@oca.nh.gov | |
| New Hampshire Public Utilities Commission | David Wiesner<br>Legal Director<br>New Hampshire Department of Energy<br>N.H. Department of Energy<br>21 South Fruit Street, Suite 10<br>Concord, NEW HAMPSHIRE 03301<br>UNITED STATES<br>David.K.Wiesner@energy.nh.gov | George McCluskey<br>Analyst<br>New Hampshire Public Utilities Commission<br>21 South Fruit Street<br>Suite 10<br>Concord, NEW HAMPSHIRE 03301<br>george.mccluskey@puc.nh.gov |
| NextEra Energy Resources, LLC | Joel Newton<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>joel.newton@nee.com | |
| NextEra Energy Resources, LLC | Carol Holahan<br>Counsel<br>Foley Hoag LLP<br>Foley Hoag LLP | **John Shope<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MASSACHUSETTS 02210-2600 |

| | | |
|---|---|---|
| | 155 Seaport Boulevard<br>Boston, MASSACHUSETTS 02210<br>UNITED STATES<br>cholahan@foleyhoag.com | |
| Norwood Light and Broadband Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| NRG Power Marketing LLC and GenOn Energy Management, LLC | Abraham Silverman<br>Assistant General Counsel - Re<br>NRG Energy, Inc.<br>211 Carnegie Center Drive<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>abe.silverman@nrg.com | |
| NRG Power Marketing LLC and GenOn Energy Management, LLC | Cortney Slager<br>Assistant General Counsel - Re<br>NRG Companies<br>804 Carnegie Center<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>cortney.slager@nrg.com | |
| NRG Power Marketing LLC and GenOn Energy Management, LLC | Jennifer Hsia<br>Managing Senior Counsel<br>NRG Energy<br>804 Carnegie Center Dr.<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>Jennifer.Hsia@nrg.com | |
| Pascoag Utility District | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Phyllis G. Kimmel Law Office PLLC | | Phyllis G Kimmel<br>Phyllis G. Kimmel Law Office PLLC<br>1717 K Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA<br>20006<br>pkimmel@pgklawoffice.com |
| PSEG Power LLC | Adrian Newall<br>Senior Counsel - Regulatory<br>PSEG Services Corporation<br>80 Park Plaza<br>Newark, NEW JERSEY 07102 | Cara Lewis<br>Managing Counsel - Federal Reg<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>cara.lewis@pseg.com |

| | UNITED STATES adrian.newall@pseg.com | |
|---|---|---|
| PSEG Energy Resources & Trade LLC | Adrian Newall Senior Counsel - Regulatory PSEG Services Corporation 80 Park Plaza Newark, NEW JERSEY 07102 UNITED STATES adrian.newall@pseg.com | Cara Lewis Managing Counsel - Federal Reg 80 PARK PLZ # T5 NEWARK, NEW JERSEY 07102 cara.lewis@pseg.com |
| PSEG Energy Resources & Trade LLC | | Raymond V. DePillo 80 Park Plaza T19 Newark, NEW JERSEY 07102 Raymond.Depillo@pseg.com |
| PSEG Power Connecticut LLC | Adrian Newall Senior Counsel - Regulatory PSEG Services Corporation 80 Park Plaza Newark, NEW JERSEY 07102 UNITED STATES adrian.newall@pseg.com | Cara Lewis Managing Counsel - Federal Reg 80 PARK PLZ # T5 NEWARK, NEW JERSEY 07102 cara.lewis@pseg.com |
| PSEG Power Connecticut LLC | | Joel S. Gordon Vice President, External & Reg CPV Power Holdings, LP 7 Steeple Lane Amherst, NEW HAMPSHIRE 03031 jgordon@cpv.com |
| PUBLIC CITIZEN, INC | Tyson Slocum Energy Program Director Public Citizen's Energy Program 215 PENNSYLVANIA AVE SE PUBLIC CITIZEN, INC. WASHINGTON, DISTRICT OF COLUMBIA 20003 UNITED STATES tslocum@citizen.org | |
| Reading Municipal Light Department | John Coyle Duncan & Allen LLP Suite 700 1730 Rhode Island Avenue, N.W. Washington, DISTRICT OF COLUMBIA 20036-3115 UNITED STATES jpc@duncanallen.com | |
| Repsol Energy North America Corporation | Robert Neustaedter Director, Transportation & Reg Repsol Energy North America Corporation 2455 Technology Forest Boulevard The Woodlands, TEXAS 77381 UNITED STATES robert.neustaedter@repsol.com | |
| Repsol Energy North America Corporation | Kevin Voelkel Associate | Michael W Brooks Partner |

| | | |
|---|---|---|
| | Bracewell LLP<br>2001 M Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA<br>20036<br>UNITED STATES<br>kevin.voelkel@bracewell.com | Bracewell LLP<br>2001 M ST NW STE 900<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20036<br>michael.brooks@bracewell.com |
| State of Rhode Island | | Nicholas S Ucci<br>Commissioner of Energy<br>1 CAPITOL HL STE 4<br>RHODE ISLAND OFFICE OF ENERGY<br>RESOURCES<br>PROVIDENCE, RHODE ISLAND 02908<br>nicholas.ucci@energy.ri.gov |
| Taunton Municipal<br>Lighting Plant | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Vermont Department<br>of Public Service | Lou Cecere<br>Planning Engineer<br>Vermont Department of Public Service<br>112 State St<br>Montpelier, VERMONT 05602<br>UNITED STATES<br>lou.cecere@vermont.gov | James H Porter, III<br>Public Advocacy<br>Vermont Department of Public Service<br>Vermont Department of Public Service<br>112 State Street<br>MONTPELIER, VERMONT 05620<br>james.porter@vermont.gov |
| Vermont Public<br>Utility Commission | Mary Jo Krolewski<br>Utilities Analyst<br>Vermont Public Service Board<br>112 State Street<br>Montpelier, VERMONT 05602<br>UNITED STATES<br>mary-jo.krolewski@vermont.gov | |
| Verso Corporation | Robert Fallon<br>Counsel<br>ENGELMAN FALLON, PLLC<br>1717 K ST NW STE 900<br>WASHINGTON, DISTRICT OF<br>COLUMBIA 20006<br>UNITED STATES<br>rfallon@efenergylaw.com | |
| Vitol Inc. | Catherine Krupka<br>Partner<br>Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Avenue, NW<br>Washington, DISTRICT OF COLUMBIA<br>20004<br>UNITED STATES<br>catherine.krupka@sutherland.com | Robert F Viola<br>Director Legal and Compliance<br>Vitol Inc.<br>1100 Louisiana, Suite 5500<br>Houston, TEXAS 77002<br>rfv@vitol.com |

| Vitol Inc. | | Joe Wadsworth<br>Vitol Inc.<br>1100 Louisiana<br>Suite 5500<br>Houston, TEXAS 77002<br>jxw@vitol.com |
| --- | --- | --- |
| Wellesley Municipal Light Plant | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Westfield Gas & Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>Suite 700<br>1730 Rhode Island Avenue, N.W.<br>Washington, DISTRICT OF COLUMBIA<br>20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |