# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 24-1077     2. DATE DOCKETED: 04-03-2024
3. CASE NAME (lead parties only) Constellation Mystic Power, LLC v. Federal Energy Regulatory Commission
4. TYPE OF CASE: ☒ Review  ☐ Appeal  ☐ Enforcement  ☐ Complaint  ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes  ☒ No
   If YES, cite statute
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: Federal Energy Regulatory Commission
   b. Give agency docket or order number(s): ER18-1639-000 and ER18-1639-028
   c. Give date(s) of order(s): 12-05-2023 and 02-05-2024
   d. Has a request for rehearing or reconsideration been filed at the agency?  ☒ Yes  ☐ No
      If so, when was it filled? 01-04-2024    By whom? Please see attachment.
      Has the agency acted?  ☒ Yes  ☐ No    If so, when? 02-05-2024
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      Please see attachment.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☐ Yes  ☒ No  If YES, identify case name(s), docket number(s), and court(s)
   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☒ Yes  ☐ No  If YES, give case name(s) and number(s) of these cases and identify court/agency:
      Please see attachment.
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☒ Yes  ☐ No  If YES, provide program name and participation dates.
      Mystic and the intervenors are engaged in settlement procedures before a FERC-appointed administrative law judge, as directed in Constellation Mystic Power, LLC, 185 FERC ¶ 61,170 (2023). The parties have met multiple times, most recently April 19, 2024.

Signature /s/ Matthew A. Fitzgerald    Date 05-06-2024
Name of Counsel for Appellant/Petitioner Matthew A. Fitzgerald
Address McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, VA 23219
E-Mail mfitzgerald@mcguirewoods.com    Phone ( 804 ) 775-4716    Fax ( 804 ) 698-2251

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.

USCA Form 41
August 2009 (REVISED)

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| *Petitioner*, | ) ) | |
| v. | ) ) | No. 24-1077 |
| Federal Energy Regulatory Commission, | ) ) ) | |
| *Respondent*. | ) ) ) | |

**ATTACHMENT TO DOCKETING STATEMENT OF PETITIONER**

**Docketing Statement Question No. 6 – Case Information:**

**d.     Has a request for rehearing or reconsideration been filed at the agency? If so, when was it filed? By whom?**

A request for rehearing of *Constellation Mystic Power, LLC*, Order Granting In Part and Dismissing In Part Formal Challenges Subject to Refund, and Establishing Hearing and Settlement Judge Procedures, Docket No. ER18-1639-000, 185 FERC ¶ 61,170 (December 5, 2023) ("2022 Challenge Order") was filed by Constellation Mystic Power, LLC on January 4, 2024.

**e.     Identify the basis of appellant's/petitioner's claim of standing.**

Section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b) (2012), permits a party aggrieved by an order of the Federal Energy Regulatory Commission ("Commission") to obtain judicial review of that order.

1

Petitioner is the rate proponent of the cost-of-service agreement ("Mystic Agreement") at issue in the proceedings before the Commission that led to the orders now on review. The Mystic Agreement is intended to compensate Mystic for its full "cost of service" (i.e., a return of and on its fixed costs and recovery of its variable costs) in exchange for Mystic remaining operational for a two-year term and providing fuel security services to New England during that time. That full cost of service includes recovery of the costs of its fuel supply, which include 91% of the "fixed" and variable costs of the Everett Marine Terminal ("Everett"). One aspect of the cost of service rate is annual filings by Mystic, each with a distinct scope established in the filed rate.

The orders at issue here arose from the second of Mystic's annual filings. One party challenged historical fixed costs included in Mystic's 2022 true-up filing on various grounds, and through its challenge sought to lower the rate that Mystic will recover.

The Commission rightly rejected several of those challenges, but granted four of them and set them for settlement and hearing.

The Commission wrongly granted one set of challenges using incorrect legal standards. The underlying formal challenges were granted although they did not even allege that any specific projects failed to meet the proper standard – the Commission's longstanding prudence standard.

2

The Commission wrongly granted a second set of challenges because the issue at hand was previously resolved through a prior Commission-approved settlement. In a settlement agreement that resolved Mystic's first informational filing, Mystic agreed to forego a higher level of compensation for a certain category of projects at Everett that are subject to a heightened level of scrutiny. Instead of fully recovering its investment in those projects as permitted by the Mystic Agreement, Mystic will only recover a fraction based on the settlement agreement. As a result of the different ratemaking treatment agreed upon in the settlement, the costs for those projects are 1) no longer in scope of Mystic's 2022 filing, and 2) are subject to a lower standard of review. The Commission's ruling ignores the settlement.

The Commission's errors are simple and straightforward, and threaten to erroneously reduce the cost recovery to which Mystic is entitled. Moreover, the Commission has failed to respond to Mystic's rehearing petition beyond its boilerplate statement that "the request for rehearing may be deemed denied" and that "the request for rehearing of the above-cited order filed in this proceeding will be addressed in a future order." *Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration*, Feb. 5, 2024, 186 FERC ¶ 62,048.

Mystic is thus aggrieved by the Commission's rulings.

**g.    Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?**

Petitioner believes the answer to this question is no, but notes for the Court that currently pending in this Court are seven consolidated cases from *related* FERC orders also addressing the Mystic agreement. (Nos. 21-1198, 21-1222, 21-1223, 21-1224, 22-1001, 22-1008, and 22-1026) (all presenting Return on Equity issues, which are not at issue in this appeal, and all held in abeyance for another FERC proceeding).

Also pending in this Court is No. 24-1018, a petition by ENECOS for review of an October 6, 2023 Order and February 15, 2024 Rehearing Order. That case also arises from related FERC orders addressing the Mystic agreement.

Dated: May 6, 2024                             Respectfully submitted,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804)-698-2251
mfitzgerald@mcguirewoods.com

Noel H. Symons
Katlyn A. Farrell
MCGUIREWOODS LLP
888 16th Street N.W.
Suite 500

4

> Black Lives Matter Plaza
> Washington, D.C. 20006
> T: (202) 857-2929
> F: (202) 828-2992
> nsymons@mcguirewoods.com
> kfarrell@mcguirewoods.com
>
> *Counsel for Constellation Mystic Power, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, which will serve counsel of record.

/s/ Matthew A. Fitzgerald
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*